UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Case No.:

MICHAEL HAMLER SR., )
)
Plaintiff, )
)
v. )
)
THE CHRISTIAN AND MISSIONARY )
ALLIANCE FOUNDATION, INC. dba Shell )
Point Retirement Community., )
)
Defendants. )

## COMPLAINT

Plaintiff, MICHAEL HAMLER SR. ("Plaintiff" or "Hamler"), sues the Defendant, THE CHRISTIAN AND MISSIONARY ALLIANCE FOUNDATION, INC. dba Shell Point Retirement Community ("Shell Point" or "Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

### PARTIES

2. At all times material, Plaintiff was a resident of Lee County, Florida.

3. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

1

4. At all times material, Shell Point was an "employer" as defined by the FMLA, 29 U.S.C.§ 2611(4).

5. At all times material, Shell Point was a Florida corporation having its main place of business in Lee County, Florida. Shell Point is, and at all times relevant was, a retirement community with approximately 2,500 residents and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Shell Point has its principal place of business within the district.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

10. Plaintiff was employed with Defendant as a host/server from October 20, 2018, until his termination on or about April 8, 2021.

11. As a host, Plaintiff's responsibilities included, but were not limited to, serving the residents, cleaning, and sanitizing the dining and kitchen areas.

12. For much of his time on the job, Plaintiff was treated as a valuable member of the team and never faced any discipline.

13. However, this all changed on December 13, 2020, when Plaintiff injured his back while cleaning at work.

14. Plaintiff felt something in his back, which started to stiffen up and cause pain.

15. Plaintiff experienced further complications when he got home, and the next morning he could not get out of bed.

16. The following day Plaintiff called the respondent and notified them of his injuries.

17. Defendant required Plaintiff to come into the facility and see the nurse.

18. Plaintiff was then sent to MD Now for an examination and was placed on light duty.

19. Plaintiff continued to work on light duty until March 3, 2021, where he elected to take unpaid leave from work to have an MRI and seek follow-up appointment, in hopes that the restrictions would be lifted.

20. Defendant offered a light duty position in the laundry room at another facility, but he was unable to take that position because it was 40 minutes away and due to his restrictions was unable to sit in a car for that period of time.

21. On, or about April 7, 2021, Plaintiff met with his manger and told her that he was looking forward to coming back to work, and had a final evaluation that was coming up soon.

22. However, on April 9, 2021, Plaintiff received notice that he was being terminated from his position with Defendant.

**COUNT I: INTERFERENCE WITH FMLA
RIGHTS AGAINST DEFENDANT (TERMINATION)**

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. The FMLA provides that, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the ACT]." 29 U.S.C § 2615(a)(1).

25. On December 13, 2020, Plaintiff suffered a back injury at work, which required ongoing medical attention.

26. However, he was able to work a light duty assignment until on, or about March 3, 2021.

27. At that time Plaintiff elected to take an unpaid leave to focus on treatment and attempt have his restrictions released.

28. Instead of allowing Plaintiff to take medical leave Defendant offered him a light-duty position in a facility 40 minutes away that he could not accept.

29. Plaintiff was terminated on, or about April 7, 2021, a little more than a month after he began his leave, despite communicating with his supervisor that he was scheduled for a final assessment soon and was looking forward to coming back to work.

30. Plaintiff met all requirement, including proper notice, to take FMLA leave.

31. Despite its knowledge of Plaintiff's injury and eligibility for FMLA leave, the Defendant terminated Plaintiff instead of affording him the opportunity to use FMLA leave.

32. When Defendant fired Plaintiff, it interfered with Plaintiff's rights under the FMLA.

33. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

    b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

    c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

    d. Award Plaintiff liquidated damages;

    e. Reinstatement;

    f. Award Plaintiff prejudgment interest on her damages award;

    g. Award Plaintiff reasonable costs and attorney's fees; and

    h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: VIOLATION OF THE FMLA BY DEFENDANT– RETALIATION

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

35. The FMLA prohibits an employer from taking adverse employment action against any employee because he or she engaged in conduct protected by the FMLA. *See* 29 U.S.C § 2615(a)(2).

36. Following his at-work injury in December 2020, and an attempt to work light-duty, Plaintiff took leave for treatment of his back injury.

37. Plaintiff met all requirement, including proper notice, to take FMLA leave.

38. Approximately on month after he began his leave, Plaintiff was terminated.

39. Defendant terminated Plaintiff because he exercised his rights under the FMLA, as described above.

40. Defendant has intentionally engaged in an unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having taken leave to care serious health condition.

41. Plaintiff's medical leave was a direct and proximate cause of his termination.

42. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d. Award Plaintiff liquidated damages;

e. Reinstatement;

f. Award Plaintiff prejudgment interest on her damages award;

g. Award Plaintiff reasonable costs and attorney's fees; and

h. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 24, 2023

Respectfully submitted,

**s/Brandon Gibson**
Brandon Gibson (FBN: 99411)
E-mail: bgibson@rtrlaw.com
RTRLAW
3333 W. Commercial Blvd, Ste. 200
Ft. Lauderdale, Florida 33309
Telephone: (954) 370-5152
Facsimile: (954) 370-1992
*Counsel for Plaintiff(s)*